IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

FURNCO, LLC d/b/a FOUR SEASONS )
FURNITURE,                     )
                               )
     Plaintiff,                )
                               )
v.                             )     No. 07-2333
                               )
LANEVENTURE, INC., LANE        )
FURNITURE INDUSTRIES, INC.,    )
and FURNITURE BRANDS           )
INTERNATIONAL, INC.,           )
                               )
     Defendants.               )

---

ORDER GRANTING DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES
AND OTHER LITIGATION EXPENSES

---

Before the Court is the October 19, 2010 Renewed Motion for Attorney's Fees and Other Litigation Expenses ("Motion") filed by Defendants Lane Furniture Industries, Inc., and Furniture Brands International, Inc. (collectively, "Defendants"). (Defs.' Renewed Mot. for Attorney's Fees and Other Litigation Expenses, ECF No. 226.) ("Defs.' Mot.") Plaintiff Furnco, LLC ("Plaintiff") responded in opposition on November 4, 2010. (Resp. of Pl., Furnco, LLC to Defs.' Renewed Mot. for Attorney's Fees and Other Litigation Expenses, ECF No. 227.) ("Pl.'s Resp.") Defendants replied on November 16, 2010. (Reply in Supp. of Defs.' Renewed Mot. for Attorney's Fees and Other

Litigation Expenses, ECF No. 230.)   For the following reasons, the Motion is GRANTED.

**I.   Background**

On August 12, 2010, the Court granted Defendants' Motion for Attorney's Fees and Other Litigation Expenses, finding that Defendants are entitled to attorney's fees and costs as provided in the Workout Agreement.   (<u>See</u> Order Granting Defs.' Mot. for Attorney's Fees and Other Litigation Expenses 1, 4, ECF No. 222.)   Because Defendants did not submit the amount sought in fees, the Court directed Defendants to submit their request for attorney's fees and costs within fourteen days, including a justification of the fees and costs requested.   (<u>See</u> <u>id.</u> at 5.)

Defendants submitted their initial request on August 26, 2010.   (<u>See</u> Notice of Filing Aff. of Robert E. Craddock, Jr. in Supp. of Defs.' Mot. for Attorneys' Fees and Other Litigation Expenses, ECF No. 223.)   The Court denied their request for attorney's fees without prejudice and granted in part and denied in part their request for litigation expenses without prejudice because Defendants did not demonstrate that all of their requested fees and costs were incurred solely in defending against Plaintiff's breach of contract claims.   (<u>See</u> Order Denying Attorney's Fees and Granting in Part and Denying in Part Litigation Expenses 3-12, ECF No. 225.)

2

Subsequently, Defendants filed the Motion now before the Court. The Motion requests attorney's fees of $242,511.15 and litigation expenses of $60,886.07 incurred solely in defending against Plaintiff's breach of contract claims. (See Defs.' Mot. 2-3.) Defendants attached to the Motion an affidavit from one of their attorneys stating that the fees and expenses relate solely to the breach of contract claims, a detailed list of time entries for attorneys and staff who performed work, and a detailed list of litigation expenses. (See Aff. of Robert E. Craddock, Jr. in Supp. of Defs.' Mot. for Attorneys' Fees and Other Litigation Expenses, ECF No. 226-2 ("Craddock Aff."); Ex. A, ECF No. 226-3; Ex. B, ECF No. 226-4; Ex. C, ECF No. 226-5.)

## II. Analysis

The Court has previously found that Defendants are entitled to reasonable attorney's fees and costs incurred in defending against Plaintiff's breach of contract claims. (See Order Granting Defs.' Mot. for Attorney's Fees and Other Litigation Expenses 2, 4-5.) The evidence attached to the Motion demonstrates that Defendants incurred the fees and costs requested solely in defending against the breach of contract claims.

Plaintiff does not seem to dispute that conclusion. Instead, it contends that the Court cannot consider the evidence submitted by Defendants because Defendants have submitted an

3

affidavit from one of their attorneys and did not have their invoices for fees and costs reviewed for reasonableness by an attorney not associated with the law firm representing them. (See Pl.'s Resp. 2.) Tennessee law is to the contrary. "Parties seeking to recover their attorney's fees are not expected to march in a parade of witnesses to testify at length about how the requested fee measures up to the [appropriate factors for evaluating reasonableness]." Hosier v. Crye-Leike Commercial, Inc., No. M2000-01182-COA-R3-CV, 2001 WL 799740, at *7 (Tenn. Ct. App. July 17, 2001).

The party requesting attorney's fees carries its burden to make out a prima facie claim for reasonable attorney's fees "by presenting the affidavit of the lawyer who performed the work." Id. at *6 (citing Hennessee v. Wood Grp. Enters., Inc., 816 S.W.2d 35, 37 (Tenn. Ct. App. 1991)); see Metro. Gov't of Nashville v. Brown, No. M2008-02495-COA-R3-CV, 2009 WL 5178418, at *8 (Tenn. Ct. App. Dec. 30, 2009) ("Instead of calling witnesses to testify at a hearing or by deposition, the prevailing party may present the affidavit of the lawyer or lawyers who performed the work." (citing Hennessee, 816 S.W.2d at 37)). Presenting an affidavit of an attorney is a "preferable" method of establishing the reasonableness of fees. Hennessee, 816 S.W.2d at 37. In some circumstances, however, presenting an affidavit is not necessary. See Wilson Mgmt. Co.

4

v. Star Distribs. Co., 745 S.W.2d 870, 873 (Tenn. 1988) ("[A] trial judge may fix the fees of lawyers in causes pending or which have been determined by the court, with or without expert testimony of lawyers and with or without a prima facie showing by plaintiffs of what a reasonable fee would be."); see also Allen v. Allen, No. M2005-00074-COA-R3-CV, 2007 WL 2097719, at *4 (Tenn. Ct. App. July 10, 2007) (affirming an attorney's fee award although an affidavit of the attorney's time and activity was not in the record). Even if Plaintiff were correct that an attorney may not offer an affidavit about the reasonableness of fees charged to his client under Tennessee law, the Court would have sufficient evidence to evaluate the reasonableness of Defendants' fees and costs based on the detailed list of time entries reflecting tasks performed by attorneys and staff and the detailed list of litigation expenses. (See Ex. A; Ex. B; Ex. C.)

Defendants have offered evidence that this Court may consider in deciding whether the requested fees and costs are reasonable. They have met their evidentiary burden. See Wilson Mgmt. Co., 745 S.W.2d at 873; Taylor v. T&N Office Equip., Inc., No. 01A01-9609-CV-00411, 1997 WL 272444, at *4 (Tenn. Ct. App. May 23, 1997) (citing Wilson Mgmt. Co., 745 S.W.2d at 873). The remaining question is whether the requested fees and costs are, in fact, reasonable.

"[W]here an attorney's fee is based upon a contractual agreement expressly providing for a reasonable fee, the award must be based upon the guidelines by which a reasonable fee is determined." Wilson Mgmt. Co., 745 S.W.2d at 873 (citations omitted). In determining whether the fees requested are reasonable, courts consider the following factors:

> (1) The time devoted to performing the legal service.
> (2) The time limitations imposed by the circumstances.
> (3) The novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly.
> (4) The fee customarily charged in the locality for similar legal services.
> (5) The amount involved and the results obtained.
> (6) The experience, reputation, and ability of the lawyer performing the legal service.

Connors v. Connors, 594 S.W.2d 672, 676 (Tenn. 1980) (citation omitted). Courts also consider the similar, but not identical, factors enumerated in Tennessee Supreme Court Rule 8, Rule of Professional Conduct 1.5:

> (1) [T]he time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) [T]he likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) [T]he fee customarily charged in the locality for similar legal services;
> (4) [T]he amount involved and the results obtained;
> (5) [T]he time limitations imposed by the client or by the circumstances;
> (6) [T]he nature and length of the professional relationship with the client;
> (7) [T]he experience, reputation, and ability of the lawyer or lawyers performing the services;

(8)   [W]hether the fee is fixed or contingent;
(9)   [P]rior advertisements or statements by the lawyer
      with respect to the fees the lawyer charges; and
(10)  [W]hether the fee agreement is in writing.

Tennessee Supreme Court Rule 8, Tennessee Rule of Professional Conduct 1.5(a); see Keisling v. Keisling, 196 S.W.3d 703, 729-30 (Tenn. Ct. App. 2005).

"The party requesting the attorney's fees is not required to call witnesses to testify to prove the reasonableness of the requested fees." Monroe v. Zierden, No. W2007-01818-COA-R3-CV, 2008 WL 4253850, at *2 (Tenn. Ct. App. Sept. 17, 2008). "This is because trial courts are capable of applying the relevant factors and deciding whether a requested fee is reasonable based on the court's knowledge of the case and the court's perception of the value of the services performed." Id. (citations omitted).

Here, all of the factors favor the conclusion that the requested attorney's fees are reasonable. The time devoted to performing the legal service was reasonable because defense counsel prepared for and participated in trial on two separate occasions. In the course of doing so, defense counsel performed legal research on issues to be decided at trial, drafted a motion in limine, drafted jury instructions, drafted verdict forms, revised exhibits lists, reviewed and designated deposition testimony and testimony from the prior trial,

7

prepared for motions to be made during the course of trial, prepared witness testimony, prepared opening and closing statements, and drafted a new pretrial order, among other tasks. (See Mem. in Supp. of Defs.' Renewed Mot. for Attorney's Fees and Other Litigation Expenses 2, ECF No. 226-1; Ex. A.)

Under the time limitations imposed by the circumstances, the duration of the tasks was reasonable. The Court's observations at trial confirm that the trial involved novel and difficult legal questions. Based on the Court's observations and experience, considerable skill was necessary to perform the legal services that defense counsel performed at trial properly. The Court is familiar with the rates customarily charged in Memphis for legal services and finds that the hourly rates for the three attorneys and the paralegal who performed services for Defendants are within the range of rates customarily charged by large law firms in Memphis for attorneys and paralegals of comparable skill and experience.

The amount involved in the litigation was considerable. In the Amended Complaint, Plaintiff sought at least $2 million in damages for Defendants' alleged breach of contract and punitive damages of $20 million. (See Second Am. Compl. ¶¶ 73, 77, 116, ECF No. 118.) The results obtained were excellent. Defendants prevailed at trial: the jury concluded that Defendants were not liable on Plaintiff's breach of contract claims. (See Verdict

Form, ECF No. 220.)  Two of the three defense counsel have over thirty years of experience, and the paralegal who worked on the case has approximately twenty years of experience.  (See Craddock Aff. ¶ 9.)  The reputation of the defense attorneys and the paralegal are excellent.  Throughout the litigation, they displayed considerable ability.

The factors listed in Tennessee Supreme Court Rule 8, Rules of Professional Conduct 1.5, also suggest that the fees requested are reasonable.  As discussed above, the time and labor required were considerable, the litigation involved novel and difficult questions, and the skill necessary to perform the legal services properly was significant.  Given the long hours necessary to perform the legal services, representation of Defendants almost certainly precluded employment on other matters by defense counsel.  The rates of defense counsel and the paralegal are within the range customarily charged in the locality for similar legal services by large firms.  The litigation involved large amounts of money and resulted in complete victory for Defendants.  The duration of the tasks was reasonable under the time limitations imposed by the circumstances.  The experience, reputation, and ability of the attorneys and the paralegal performing the services are excellent.

Although Defendants have not presented evidence about whether defense counsel made prior advertisements or statements about the fees charged and whether the fee agreement between Defendants and defense counsel was in writing, the Court finds that the balance of the factors listed in Tennessee Supreme Court Rule 8, Rule of Professional Conduct 1.5, establishes that the fees requested are reasonable.  Based on the <u>Connors</u> factors and the factors listed in Tennessee Supreme Court Rule 8, Rules of Professional Conduct 1.5, the Court concludes that Defendants are entitled to the full amount requested.

The Court also concludes that the expenses requested by Defendants are reasonable.  The Court has reviewed the detailed lists of litigation costs, charges, and expenses incurred in defending against Plaintiff's breach of contract claims.  (<u>See</u> Ex. B; Ex. C.)  The expenses requested, including travel costs, legal research costs, court reporter fees, and expert witness fees, were reasonably incurred in light of the considerable potential liability in the litigation, the time limits under the circumstances, the result of the litigation, and the amounts customarily charged in the community for similar services.  The expenses requested fall squarely within the "reasonable costs, charges, and expenses" Plaintiff became liable to pay once Defendants prevailed on Plaintiff's breach of contract claims.  (<u>See</u> Agreement 4, ECF No. 218-2.)  Therefore, Defendants are

10

entitled to the full amount of litigation costs, charges, and expenses requested.

Plaintiff's arguments that the expenses are not reasonable, are duplicative, and lack sufficient detail must fail. (<u>See</u> Pl.'s Resp. 3-7.) The expenses requested are consistent with the amounts charged for services similar to those provided to Defendants. The expense statements contain sufficient detail for the Court to evaluate the reasonableness of the expenses, and the expenses are not duplicative.

### III. Conclusion

For the foregoing reasons, the Motion is GRANTED. Plaintiff is ORDERED to pay Defendants $242,511.15 in attorney's fees and $60,886.07 in litigation costs, charges, and expenses.

So ordered this 25th day of April, 2011.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR
UNITED STATES DISTRICT JUDGE